JUSTIN A. BRACKETT (HI Bar No. 9954)
515 Ward Avenue
Honolulu, HI 96814
Telephone: (808) 377-6778
Email: justinbrackettlaw@gmail.com

*Attorney for Plaintiff*
Mitsue Fukuda

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MITSUE FUKUDA,<br><br>    Plaintiff,<br><br> v.<br><br>CAVALRY PORTFOLIO SERVICES, LLC,<br><br>    Defendant. | CIVIL NO. 1:23-CV-00500<br><br>COMPLAINT FOR DAMAGES DECLARATORY AND INJUNCTIVE RELIEF, EXHIBITS A – C, VERIFICATION OF COMPLAINT, SUMMONS<br><br>JURY TRIAL REQUESTED |

## COMPLAINT

## INTRODUCTION

1. This is an action for damages against the Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq.

1

## JURISDICTION

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

3. This action arises out of Defendant Cavalry Portfolio Services, LLC's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), in their illegal efforts to collect a consumer debt.

4. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

5. Plaintiff, Mitsue Fukuda (hereinafter referred to as "Plaintiff" and/or "Ms. Fukuda"), is a resident of this State, District and Division who is authorized by law to bring this action.

6. Ms. Fukuda is an "elder" under H.R.S. § 480-13 who is over the age of 62 years old.

7. Defendant Cavalry Portfolio Services, LLC (hereinafter referred to as "Defendant" or "Cavalry") is a foreign Limited Liability Company with its principal office located in Greenwich, Connecticut that regularly conducts business in the State of Hawai'i.

8. Defendant may be served by personal service upon its registered

agent, to wit: Cavalry Portfolio Services, LLC c/o C T Corporation System, 900 Fort Street Mall, Suite 1680, Honolulu, HI 96813.

9. Other Defendants may be discovered in the course of this litigation, and Ms. Fukuda respectfully prays that the Court will permit the addition of later discovered parties upon motion.

## FACTS

10. The primary purpose of Defendant's business is the collection of debts.

11. Defendant regularly collects or attempts to collect debts owed, or due, or asserted to be owed or due to another.

12. Defendant is a debt collector subject to the provisions of the Fair Debt Collection Practices Act and the Hawai'i Revised Statutes.

13. Defendant alleges that Ms. Fukuda incurred an obligation to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and Haw. Rev. Stat. § 443B-1, specifically a credit card owed to or serviced by Synchrony Bank.

14. Ms. Fukuda's alleged debt was sold or otherwise transferred to

Defendant for collection from Ms. Fukuda, when thereafter Ms. Fukuda received collection communications and was subjected to collection acts from Defendant, all in an attempt to collect said debt.

15. Mitsue Fukuda (hereinafter referred to as "Ms. Fukuda"), is not a party to the underlying debt and did not open the alleged account or receive any benefit from it.

16. Defendant also violated the FCRA by failing to conduct a reasonable reinvestigation after receiving notice of Plaintiff's disputes to the credit reporting agencies.

### *CAVALRY on Ms. Fukuda's Credit Report*

17. In September 20, 2023, Ms. Fukuda accessed her Trans Union credit report online and noticed CAVALRY reporting she owed a collection. Exhibit A.

18. CAVALRY's reported a balance of $321.00 for an account ending in 2229 with an open date of April 17, 2022 on Ms. Fukuda's Trans Union credit report. *Id.*

19. After noticing CAVALRY's reporting, Ms. Fukuda lodged a dispute with Trans Union regarding the alleged debt, causing her much cost, time, and stress.

4

### *September 22, 2023 Collection Dispute Letters*

20. On or around September 22, 2023, Ms. Fukuda mailed a letter to CAVALRY, disputing the purported debt. She also sent a dispute to Trans Union. Exhibit B.

21. The September 22, 2023 letter asserts the following: "I am writing to dispute your account beginning with 2229. I dispute I owe this debt. I have never opened, nor had, an account with Synchrony Bank. I have been a victim of identity theft" *Id.*

22. The September 22, 2023 letter also requested CAVALRY to stop collecting from Ms. Fukuda and reporting the disputed account to the credit reporting agencies. *Id.*

### *CAVALRY's October 6, 2023 Response to Dispute Letters*

23. On or around October 6, 2023, CAVALRY sent a response to Ms. Fukuda's September 22, 2023 dispute letters. Exhibit C.

24. The October 6, 2023 letter listed Synchrony Bank/PayPal as the original creditor, and a number ending in 1077 as the original account number. *Id.*

25. The October 6 2023 letter also listed Cavalry SPV I, LLC as the current creditor and a number ending in 1241 as the Cavalry Account Number. *Id.*

26. The October 6, 2023 letter asserts the following: "Pursuant to the Fair

Credit Reporting Act ("FCRA") and in acknowledgment of the dispute, we have requested that credit reporting agencies report the account as disputed. This notice is being provided solely for the purpose of responding to the dispute and is not an attempt to collect a debt." *Id.*

27. The October 6, 2023 Letter also asserts the following: "Based on our investigation of the dispute, it is our position that the information we are reporting to the credit reporting agencies regarding the account is accurate." *Id.*

28. The October 6, 2023 Letter states: "THIS COMMUNICATION IS FROM A DEBT COLLECTOR." *Id.*

29. Despite Ms. Fukuda's dispute, CAVALRY continues to assert that Ms. Fukuda owes a balance to them.

30. CAVALRY's reportings and letters were "communication[s]" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

31. Plaintiff has complied with all conditions precedent to bring this action.

32. Plaintiff incorporates the above facts in each and every one of the below Causes of Action.

# CAUSES OF ACTION

## *COUNT ONE: VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT*

## FIRST VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT: FALSE OR MISLEADING REPRESENTATIONS

33. The acts of Defendant constitute violations of the Fair Debt Collection Practices Act. Defendant's violations of the FDCPA include, but are not limited to, the use of any false, deceptive, or misleading representations or means in connection with the collection of any debt, which is a violation of 15 U.S.C. § 1692e.

34. Defendant's collection communications demand amounts from Ms. Fukuda that she never owed.

35. Ms. Fukuda is confused as to how Defendant determined it could demand the account balance from her and what authority it has to demand it.

36. By demanding account balances from Ms. Fukuda on an account she never owed, Defendant made false, deceptive, or misleading representations to Ms. Fukuda about the amount of money she owes.

## SECOND VIOLATION OF THE
## FAIR DEBT COLLECTION PRACTICES ACT:
## FALSE OR MISLEADING REPRESENTATIONS

37. Defendants' violations of the FDCPA also include, but are not limited to, the use of false, deceptive, or misleading representations in connection with the character, amount, or legal status of the alleged debt, which is a violation of 15 U.S.C. §1692e(2).

38. Ms. Fukuda never owed the debt, thus Defendant's communications were all false representations about the amount of debt owed.

## THIRD VIOLATION OF THE
## FAIR DEBT COLLECTION PRACTICES ACT:
## UNFAIR PRACTICES

39. Defendants' violations of the FDCPA also include, but are not limited to, the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law, which is a violation of 15 U.S.C. §1692f(1).

40. The communications from Defendant seek an amount from Ms. Fukuda that she never owed.

41. Defendant asserted multiple times that Ms. Fukuda owed a balance of $321.00.

42. The amounts sought by Defendant in their various communications are not expressly authorized by any agreement creating the debt or permitted by law, and thus were demands in direct violation of 15 U.S.C. § 1692f(1).

43. Defendant's false representations of the character, amount or legal status of the debt are a use of a false, deceptive, and misleading representations or means in connection with collection of the debt or in an attempt to collect the debt, which is a violation of 15 U.S.C. §§ 1692e and 1692e(10), and are an unfair means to collect or attempt to collect the alleged debt in violation of 15 U.S.C. § 1692f.

### COUNT TWO: VIOLATIONS OF THE HAWAI'I REVISED STATUTES, UNFAIR OR DECEPTIVE ACTS OR PRACTICES

44. A consumer may bring an action based upon unfair or deceptive acts or practices. Haw. Rev. Stat. §480-2.

45. Any person may bring an action based on unfair methods of competition declared unlawful by Haw. Rev. Stat. §480.

46. Ms. Fukuda, a consumer, brings this action based upon Defendant's unfair or deceptive acts or practices as well as its unfair methods of competition.

47. Ms. Fukuda has incurred actual damages, including postage and

emotional distress, as a result of Defendant's acts and practices.

### FIRST VIOLATION OF THE HAWAI'I REVISED STATUTES: <u>FALSE OR MISLEADING REPRESENTATIONS</u>

48. The acts of Defendant constitute violations of the Hawai'i Revised Statutes. Violations include, but are not limited to, any false representation or implication of the character, extent, or amount of a claim against a debtor or alleged debtor, or of its status in any legal proceeding. Such conduct is a violation of Haw. Rev. Stat. § 443B-18(5).

49. The underlying debt was never owed by Ms. Fukuda.

50. The communications from Defendant demanded an amount from Ms. Fukuda that she does not owe.

51. By asserting an account balance owed by Ms. Fukuda, Defendant made one or more false representations or implications of the character, extent, or amount of money owed.

52. By demanding payment of a debt she never owed, Defendant made one or more false representations or implications of the character, extent, or amount of money Ms. Fukuda owes.

53. By attempting to collect unauthorized amounts through false and deceptive communications, Defendant has deceived and/or misled Ms. Fukuda as

to the amount owed.

## COUNT THREE: VIOLATIONS OF THE
## FAIR CREDIT REPORTING ACT

54. When a consumer disputes the accuracy or completeness of information included in a CRA's credit file, the FCRA requires the agency to either conduct a reasonable reinvestigation into the disputed information or delete the disputed information from the consumer's credit file within thirty (30) days of receiving notice of the dispute. 15 U.S.C. §1681i(a)(2)(A).

55. The FCRA requires that furnishers of information like CAVALRY conduct an investigation with respect to disputed information, review all relevant information, and report the results of the investigation to the credit reporting agency. If the investigation reveals the information is incomplete or inaccurate, the furnisher must report those results to all credit reporting agencies to which the furnisher has provided the inaccurate information.

56. CAVALRY knew or should have known about its obligations under the FCRA. These obligations are well established in the plain language of the FCRA, in the promulgations of the Federal Trade Commission, and in well-established case law. CAVALRY possesses or can easily obtain substantial written materials that detail its duties as a furnisher under the FCRA.

11

57. Despite knowing these legal obligations, CAVALRY acted consciously in breaching its known duties and deprived Plaintiff of her rights under the FCRA.

58. Plaintiff disputed the CAVALRY tradeline through the national credit reporting agency, Trans Union.

59. Thereafter, Trans Union forwarded Plaintiff's dispute to CAVALRY, notifying CAVALRY that Plaintiff was disputing the information it had furnished about the account.

60. CAVALRY received notice of Plaintiff's dispute and failed to reasonably investigate or otherwise take corrective measures despite possessing all relevant knowledge regarding the dispute.

61. CAVALRY continued to furnish inaccurate information about Plaintiff to Trans Union, even though CAVALRY possessed all relevant information about the Account and the inaccuracy that Plaintiff disputed.

62. The inaccurate CAVALRY reporting materially and adversely affected Plaintiff's credit standing.

63. On at least one occasion within the past two years, by example only and without limitations, Defendant CAVALRY violated 15 U.S.C. §1681s-2(b)(1)(A) by failing to fully and properly investigate Plaintiff's dispute to Trans

Union.

64. CAVALRY violated sections 15 U.S.C. §1681n and 1681o of the FCRA by engaging in willful and negligent noncompliance of 15 U.S.C. §1681s-2(a), (b), and engaging in conduct that violates 15 U.S.C. §1681s-2(a), (b), including:

a) Willfully and/or negligently failing to conduct an investigation of Plaintiff's dispute, despite possessing knowledge, information, and records to substantiate Plaintiff's dispute;
b) Willfully and/or negligently failing to review all relevant information concerning Plaintiff's dispute;
c) Willfully and/or negligently failing to report the results of investigations to the relevant credit reporting agencies;
d) Willfully and/or negligently failing to report to a CRA that the disputed information is indeed inaccurate;
e) Willfully and/or negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by Plaintiff;
f) Willfully and/or negligently continuing to furnish and disseminate inaccurate credit, account, and other information concerning Plaintiff to the credit reporting agencies despite actual knowledge of the falsity of the reported information; and
g) Willfully and/or negligently failing to comply with the requirements for furnishers of information enumerated in 15 U.S.C. §1681s-2(b).

65. CAVALRY unreasonably refused to take corrective measures required by the FCRA to correct and/or update Plaintiff's consumer information furnished to the national credit reporting agencies.

66. CAVALRY is a direct and proximate cause, as well as a substantial

factor in causing damage and harm to Plaintiff.

67. Consequently, CAVALRY is liable to Plaintiff for the full amount of statutory, actual and punitive damages, as described herein and as allowable by law. Additionally, Plaintiff is entitled to Plaintiff's attorneys' fees and costs, as well as other such relief permitted by 15 U.S.C. §1681n and §1681o.

*Summary*

68. The above-detailed conduct by Defendant and its agents in connection with collection of the debt, was conduct in violation of the provisions of the FDCPA, FCRA, and Hawaii's UDAP statute including, but not limited to, the above-cited provisions.

**TRIAL BY JURY**

69. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed.R.Civ.P. 38.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant and in favor of the Plaintiff as follows:

a) Declaratory judgment that Defendant violated Ms. Fukuda's rights under the Fair Debt Collection Practices Act;

b) That Plaintiff be awarded actual damages pursuant to 15 U.S.C. §

1692k(a)(1) against Defendant in an amount to be determined at a trial by a jury;

c)  That Plaintiff be awarded statutory damages pursuant to 15 U.S.C. §1692k(a)(2);

d)  That Plaintiff be awarded the costs of litigation including a reasonable attorney fee pursuant to 15 U.S.C. §1692k(a)(3);

e)  That Plaintiff be awarded actual damages pursuant to Haw. Rev. Stat. § 480-13 in an amount to be determined by a jury at trial;

f)  That Plaintiff be awarded statutory damages of not less than $5,000.00 or threefold damages sustained pursuant to Haw. Rev. Stat. § 480-13(b)(1);

g)  That Plaintiff be awarded the costs of litigation including a reasonable attorney fee pursuant to Haw. Rev. Stat. § 480-13;

h)  An award of actual damages pursuant to 15 U.S.C. § 1681n(a)(1) or § 1681o(a)(1);

i)  Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1681n(a)(1) and §1681o(a)(1);

j)  An award of punitive damages as allowed by the Court pursuant to 15 U.S.C. § 1681n(a)(2);

k)  Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n(a)(3)

and 1681o(a)(2);

l)     That the Court declare all defenses raised by Defendant to be insufficient; and

m)     Such other and further relief, as may be necessary to effectuate the Court's judgment, as the Court otherwise deems just and equitable, including any pre-judgment or post-judgment interest and/or declaratory relief.

Respectfully submitted this the 30th day of November, 2023.

*/s/ Justin A. Brackett*
Justin A. Brackett, #9954
*Attorney for Plaintiff*
515 Ward Avenue
Honolulu, HI 96814
(808) 377-6778
justinbrackettlaw@gmail.com
